WILLIAM TEEL, v. ELIAS TICE.

Where a suit against the security is brought on an appeal bond, the condition of which was, " if the said W. W. shall appear in the said Court of Common Pleas, and prosecute the said appeal in the above court; " it is sufficient in assigning the breach, to use these words, " that he altogether failed and neglected to appear and prosecute his said appeal in the said court." The statement of demand in such a case need not allege that the debt and costs had been demanded of the principal in the bond, before the commencement of the suit against the security.

In the court for the trial of small causes, our decisions require the cause of action to be stated so intelligibly that the court can see there is a legal ground for maintaining the action, but it requires nothing merely formal, or technical, which plain suitors do not readily comprehend.

This was a certiorari directed to the Common Pleas, of Middlesex, and the case was submitted to this court on the following statement of facts :

Teel *v.* Tice.

" William Teel, assignee of Elisha Snowden, sued William Wright, as the maker of a promissory note payable to the said Elisha Snowden, before a justice, and obtained judgment; whereupon said Wright appealed to the Middlesex Pleas, having made and filed with the justice, an appeal bond, in the usual form, with Elias Tice, as co-obligor, or security. This appeal was dismissed for want of prosecution, and an action brought on the said appeal bond by William Teel, assignee, &c. against Elias Tice, without having first demanded the debt and costs of William Wright, and obtained judgment. From this judgment, Tice appealed, and on the trial of the appeal, moved that the plaintiff below, William Teel, the appellee, be nonsuited, because the statement of demand contained no allegation that the debt and costs had been demanded of William Wright, or any excuse for such omission ; whereupon the Court of Common Pleas reversed the judgment of the justice, and nonsuited the plaintiff; it is agreed that if the Supreme Court shall be of opinion that such demand was necessary, then judgment is to be affirmed, otherwise to be reversed."

*W. H. Lupp,* attorney for appellee.

*E. Wood,* contra.

The opinion of the court was delivered by Justice Ford.

FORD, J. In debt on an appeal bond, made joint and several, by William Wright, and Elias Tice, his security, to William Teel, to prosecute an appeal from a judgment against Wright, Teel declared against Tice only, setting out the obligation and condition in the words of the bond, and assigning for breach that Wright failed to prosecute the appeal. The justice gave judgment not for the penalty of the bond, which was seventy-one dollars and ninety-four cents, but for the damages which he assessed at thirty-seven dollars debt, and three dollars and one cent costs. On an appeal by Tice to the Common Pleas, he obtained a nonsuit against Teel for not alleging that he had demanded the debt and costs of Wright, the principal in the bond, before commencing this action against the security; whereas the penalty being forfeited, became an existing debt that ought to have been paid without waiting for any further demand.

The condition being other than for the payment of money, it

was necessary to assign a breach, or breaches, of the condition, according to *Rev. Laws*, 305, *sec.* 5, in order to get the damages ascertained. It is sufficient to assign the breach either in the words of the condition, or in words co-extensive with the import and effect of it—or in words containing the sense and substance of it. The words in this condition are, "if the said William Wright shall appear in the *said* Court of Common Pleas, and prosecute the *said* appeal in the above court," and the breach is, "that he altogether failed and neglected to appear and prosecute his *said* appeal in the *said* court," by reason whereof the said court ordered the said appeal to be dismissed, and that the said appellee have leave to withdraw the said appeal bond from the files of said court for prosecution. In the court for trial of small causes, our decisions require the cause of action to be stated so intelligibly, that the court can see there is a legal ground for maintaining the action, but it requires nothing merely formal, or technical, which plain suitors do not readily comprehend. This breach is intelligibly assigned, as nearly as was necessary, in the sense, substance, and effect, of the words of the condition. Reverse the nonsuit, and let the Common Pleas proceed to try the merits of the appeal.